LOBRANO, J.,
CONCURS IN PART, DISSENTS IN PART, AND ASSIGNS REASONS
|UiI respectfully concur in part and dissent in part. I concur with the majority as follows: (1) that the workers’ compensation judge did not err by finding that Clyde Tolley’s date of disability was July 10, 2013; (2) that the lower' court did not err by holding that a credit of $8,631.28 was due to the employer, JCG; (3)'that the workers’ compensation judge did not err by not ordering disability benefits from November 13, 2013 to March 14, 2014 or by not assessing penalties or attorney’s ■fees in connection with nonpayment of benefits for this time period; and (4) that the workers’ compensation judge erred by finding the record lacked sufficient evidence to document outstanding mileage reimbursement requests and by failing award mileage expenses or to assess corresponding penalties and attorney’s fees against JCG for delay in payment of mileage expenses.
However, I do not find that the workers’ compensation judge erred by declining to order JCG to pay indemnity benefits for the period of July 10, 2013 to November 13, 2013, and as such, I dissent in part. The lower court correctly noted in its reasons for judgment that Tolley was entitled to benefits for the period of July 10, 2013 to November 13, 2013. However, in my review of the record, those benefits were not due and payable when the OWC judgment was rendered because |17.JCG paid benefits to Tolley during the period after the November 13, 2013 unauthorized settlement and before Tolley bought back his right to future benefits.
La. R.S. 23:1206 provides that “fejny voluntary payment or unearned wages paid by the employer' or insurer either in money or otherwise, to the employee or dependent, and accepted by the employee, which were not due and payable when made, may be deducted from the payments to be made as compensation.” Both Tolley and JCG introduced into evidence at trial JCG’s payment history of indemnity and medical payments paid to or on behalf of Tolley since the inception of the workers’ compensation claim. This undisputed evidence reflects that JCG paid $18,944.00 in indemnity benefits to Tolley between Au *1055 gust 28, 2014 and October 16, 2014 - after November 13, 2013. The payment, history reflects that the payment of benefits was intended to apply to the period of March 14, 2014 to October 23, 2014. When JCG paid these benefits, there was no judgment in place which ordered JCG to pay this period of benefits; payment was therefore voluntary pursuant to La. R.S. 23:1206.
At a compensation rate of $592.00 per week, $18,944.00 corresponds to 32 weeks of indemnity benefits paid to Tolley. The period of July 10, 2013 to November 13, 2013 is only 18 weeks. Under the particular facts of this appeal, I do not find that the lower court was clearly wrong in concluding that the 18 weeks of benefits were not owed at the time judgment was rendered, as Tolley had received at least 32 weeks of benefits following the unauthorized settlement.[1] In this regard, I find the OWC judgment consistent with La. R.S. 23:1206.
The majority points out, and I agree, that the issue of whether Tolley effected a sufficient post-trial buy-back of his future compensation benefits is not before us on appeal. Accordingly, to the extent that Tol-ley may seek modification |1sof judgment before the OWC in the future, that right is reserved to him, at which time he may petition the workers’ compensation judge to calculate the past and future benefits that may become due and payable following the proper buy-back of benefits, subject to any applicable credits due to JCG.

. Notably, despite any issues surrounding the forfeiture of future benefits, the OWC judgment reflects, and Tolley concedes in his brief, that payment of benefits to Tolley is currently ongoing at a compensation rate of $592.00 per week.